**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

UNITED STATES OF AMERICA,

v.

LARRY STEVEN GROGAN,

Defendant.

Civil Action No.

2:22-cr-24-RWS

## ORDER

This matter is before the Court on the April 24, 2026 Report and

Recommendation of Magistrate Judge Anna W. Howard recommending that

Defendant Grogan be found incompetent to proceed to trial.  [Dkt. 92 – Report and

Recommendation ("R&R")]. Judge Howard further recommended that the Court

determine that Mr. Grogan is not restorable to competency within the foreseeable

future and that he should be committed to the custody of the Attorney General for

hospitalization at FMC Butner or another Federal Medical Center so that the

Director of the facility can determine whether a formal certification should issue

under 18 U.S.C. § 4246. [R&R at 10-11]. Mr. Grogan, through counsel, objects to

Judge Howard's recommendation. [Dkt.  95].  Having reviewed the record,

including all evaluations of Mr. Grogan and the transcript of the April 22, 2026 competency hearing in its entirety, the Court enters the following Order.

## BACKGROUND

On June 7, 2022, Defendant Larry Steven Grogan was indicted by a federal grand jury in the Northern District of Georgia of second degree murder in violation of 18 U.S.C. §§ 1114 & 1111 (Count One), assault on a federal employee in violation of 18 U.S.C. § 111 (Count Three), two offenses of discharging a firearm during a crime of violence (i.e., Counts One and Three), in violation of 18 U.S.C. §§ 924(c) and 924(j) (Counts Two and Four), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count Five). [Dkt. 1]. The alleged offense conduct occurred on or about August 7, 2021.

Mr. Grogan has been in federal custody since June 2022 after originally being charged in state court. He is currently placed at the Federal Medical Center, located in Butner, North Carolina. [Dkts. 33, 34]. Since his arrest, Mr. Grogan has been subject to multiple psychological and psychiatric evaluations, and, with one exception, medical professionals have consistently opined that Mr. Grogan is incompetent to proceed to trial. [See Dkt. 40 (10-31-23 Forensic Evaluation, Matthew R. Opesso, Psy.D., M.Ed.); Dkt. 71 (12-13-24 Report, Dr. Julie Rand Dorney, M.D.) (SEALED); Dkt. 81 (8-14-25 Forensic Evaluation, Megan Marks,

Psy.D.,) (SEALED); and Dkt. 88 (12-9-25 Forensic Evaluation, Megan Marks, Psy.D. (SEALED)].

On December 21, 2023, the Court held a competency hearing. Mr. Grogan testified, and expert reports concerning competency were admitted. [Dkts. 47-48, 50-51 (SEALED)]. The Court found that Mr. Grogan was incompetent to proceed to trial, see 18 U.S.C. § 4241(d), and Mr. Grogan was committed to the custody of the Attorney General for treatment and to determine whether competency could be restored.  [Dkt. 49].

On September 29, 2024, Megan Marks, Psy.D., Forensic Psychologist at FMC Butner, evaluated Mr. Grogan and opined that Mr. Grogan had been restored to competency. [Dkt. 64 (9-29-24 Forensic Evaluation, Megan Marks, Psy.D.) (SEALED)]. By September 2024, following several months of behavioral and emotional stability, Dr. Marks opined that Mr. Grogan's primary DSM-5-TR diagnosis was "in full remission."  [Id., at 7-8 (Mr. Grogan residing in open mental health unit with cellmate without incident, no disciplinary infractions, obtaining job in Food Service Department)].  Dr. Marks reported that Mr. Grogan credited prescribed medication and his sobriety for rational thinking and identification of his previous beliefs concerning being targeted by law enforcement and attacked with energy weapons as "delusional." [Id., at 7]. Following this evaluation, on

October 11, 2024, the Bureau of Prisons provided a Certificate of Restoration of Competency to Stand Trial supported by Dr. Marks's evaluation. [Dkt. 64 at 3 (SEALED)]. Mr. Grogan was returned to the NDGA for a second competency hearing.

After being returned to this district, defense counsel requested a follow-up psychological evaluation.  [Dkts. 65, 67]. On December 13, 2024, another doctor opined that symptoms of documented mental health diagnoses were interfering with Mr. Grogan's ability to assist in the defense of his case. [Dkt. 71 (12-13-24 Report, Dr. Julie Rand Dorney, M.D.) (SEALED)]. Mr. Grogan was ordered returned to FMC Butner for continued treatment and restoration of competency. [Dkt. 72].

The two most recent evaluations were performed by Dr. Marks.

On August 14, 2025, Dr. Marks opined that Mr. Grogan remained incompetent but that "there was a substantial probability his competency could be restored with continued medication compliance, adjustments to his medication regimen as needed, and ongoing competency restoration."  [Dkt. 81 at 15 (SEALED)]. According to Dr. Marks, as of August 2025, Mr. Grogan was "in partial remission."  [Id., at 11-12].  Dr. Marks explained that, while "delusional beliefs persist," other symptoms, including "hallucinations, disorganized speech,

and disorganized behavior appear to have generally resolved through compliance with psychiatric medication." [Id., at 12].

On December 19, 2025, Dr. Marks opined again that Mr. Grogan was not competent but reversed course on the likelihood that Mr. Grogan's competency could be restored. [Dkt. 88 (SEALED)].  Notably, Dr. Marks's December 2025 Forensic Evaluation relied upon previous medical reports, forensic evaluations, medical and behavioral health records, records from Gwinnett County Detention Center, discovery materials provided by the U.S. Attorney's Office, among other things. [Id., at 3 (listing materials and records)]. Dr. Marks opined that Mr. Grogan demonstrates "a factual and rational understanding of the nature and consequences of court proceedings." [Id., at 12-14]. Nonetheless, Dr. Marks opined that Mr. Grogan continues to suffer from a mental disease or defect . . . which renders him not competent to stand trial." [Id., at 14].  In sum, notwithstanding compliance with numerous medication trials during three different periods of restoration attempts, Mr. Grogan's delusional beliefs have not responded to treatment. [Id.].[1]

---

[1] And, particularly relevant here, Dr. Marks addresses the basis for her previous opinion in September 2024 that competency had been restored. Specifically, Dr. Marks reports that Mr. Grogan admitted being "dishonest" in his earlier interviews "when he provided a rational and reality-based defense strategy he wished to pursue in his legal case, when in reality, he intended to proceed to trial in an attempt to show that his delusional beliefs were true." [Id., at 2]. Mr. Grogan

Dr. Marks, in consultation with other BOP medical providers, ultimately opined that "there is not a substantial probability Mr. Grogan's competency can be restored in the foreseeable future, given his delusions are refractory to treatment." [Id.]. Dr. Marks explained that if the Court determines that Mr. Grogan is, in fact, incompetent, and also agrees with the prognosis, namely, that there is not a substantial likelihood Mr. Grogan could be restored to competency in the foreseeable future, then Mr. Grogan is subject to the provisions of 18 U.S.C. § 4246. [Id.].

On April 22, 2026, Judge Howard conducted a virtual evidentiary hearing via Zoom to determine Mr. Grogan's competency for purposes of 18 U.S.C. § 4241. Defense counsel James Wesley Bryant, Federal Defender Program, was present with Mr. Grogan and provided an opportunity to examine his client. The parties stipulated admissibility of the most recent forensic evaluation prepared by Dr. Marks. [Hr'g Tr. at 5, Government Exhibit 1].[2]

Judge Howard's R&R adopts Dr. Marks's opinions in recommending that Mr. Grogan be committed to the custody of the Attorney General for

---

stated regularly over the course of the next several months that he hoped to proceed to trial and present evidence of his "entrapment." [Id., *passim*].

[2] The Court's Order relies upon CM/ECF pagination.

6

hospitalization at FMC Butner or another Federal Medical Center so that the

Director of the facility can determine whether a formal certification should issue

under 18 U.S.C. § 4246.[3]

## LEGAL STANDARD

In reviewing a Report and Recommendation ("R&R"), the district court

"shall make a *de novo* determination of those portions of the report or specified

proposed findings or recommendations to which objection is made." 28 U.S.C. §

636(b)(1). "Parties filing objections to a magistrate's report and recommendation

must specifically identify those findings objected to. Frivolous, conclusive, or

general objections need not be considered by the district court." United States v.

Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847

F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent

objection, the district judge "may accept, reject, or modify, in whole or in part, the

---

[3] The formal certification process has already been initiated in the Eastern District of North Carolina. On January 27, 2026, at the request of the Acting Warden of FMC Butner, the United States Attorney's Office in the Eastern District of North Carolina commenced civil commitment proceedings pursuant to 18 U.S.C. § 4246(a). [See United States of America v. Larry Steven Grogan, E.D.N.C. Civil Case No. 5:26-HC-2015-BO, Dkt. 1 -- Certificate of Mental Disease or Defect and Dangerousness]. The Government simultaneously moved to hold the case in abeyance pending resolution of Mr. Grogan's competency and restorability in the instant criminal case. [Id., Dkt. 5].

findings and recommendations made by the magistrate [judge]," 28 U.S.C. §

636(b)(1), and "need only satisfy itself that there is no clear error on the face of the

record" in order to accept the recommendation.  FED. R. CIV. P. 72, advisory

committee note, 1983 Edition, Subdivision (b).  In accordance with 28 U.S.C. §

636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has

conducted a *de novo* review of those portions of the R&R to which Plaintiff objects

and has reviewed the remainder of the R&R for plain error.  See United States v.

Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

## NATURE OF OBJECTION

Mr. Grogan filed objections to the R&R stating that Judge Howard

"improperly weighed the evidence by dismissing Mr. Grogan's experience of

electronic attacks and placing too much weight on Dr. Marks' report."  [Obj., at 4].

Defense counsel suggests that Judge Howard did not consider Mr. Grogan's

testimony in proposing the Court find that Mr. Grogan remains incompetent.

Counsel faults the Magistrate Judge's R&R for addressing Mr. Grogan's testimony

in a conclusory fashion. As described by his counsel:

> Mr. Grogan was calm, engaged, and thoughtful during the hearing. He
> appropriately engaged with the Court by answering questions asked,
> and he engaged with Counsel during his direct examination. He was
> not animated or excited and did not cause any disruption during the
> hearing. He calmly provided testimony about the beginning of the
> directed energy weapons, the effects those attacks had on his life, and

the step he took to stop those attacks. Further, he testified that the attacks had stopped since being taken into federal custody on the pending charges. Finally, Mr. Grogan testified that he was no longer taking his medication. Because of the side effects of the medication, he testified that he discontinued use. Despite not taking previously prescribed medication, Mr. Grogan was calm, engaged, and thoughtful during the hearing.

[Id.].

## DISCUSSION

The Due Process Clause of the Fifth Amendment to the United States Constitution prohibits the Government from prosecuting defendants who are incompetent. See U.S. Const. Amend. V; Drope v. Missouri, 95 S. Ct. 896, 903 (1975). "The constitutional test for competency, as articulated by the Supreme Court, is 'whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceeding against him.'" United States v. Marks, 156 F.4th 1169, 1174 (11th Cir. 2025) (quoting Dusky v. United States, 80 S. Ct. 788, 789 (1960)); see also Indiana v. Edwards, 128 S. Ct. 2379, 2386 (2008) (citations omitted) ("[T]he Court's 'mental competency cases set forth a standard that focuses directly upon a defendant's 'present ability to consult with his lawyer,' a 'capacity ... to consult with counsel,' and an ability 'to assist [counsel] in preparing his defense[.]'").

9

Title 18, United States Code, Section 4241 governs the procedure for determining competency and provides:

> If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General.

18 U.S.C. § 4241(d).

"'The determination of whether a defendant is mentally competent to stand trial is a question left to the sound discretion of the district court, with the advice of psychiatrists [or other mental health professionals]. The medical opinion of experts as to the competency of a defendant to stand trial is not binding on the court ....'" United States v. Robinson, 2025 WL 4643251, at *8 (S.D. Fla. Nov. 21, 2025) (citation omitted), report and recommendation adopted, 2026 WL 554602 (S.D. Fla. Feb. 27, 2026).[4]

In this case, the Court finds that Judge Howard's recommendation is amply supported by the record in this case, including the three prior forensic evaluations opining that Mr. Grogan is not competent to stand trial. [Dkts. 40, 71, 81, 88

---

[4] On this record, the Court does not require a second evidentiary hearing. See Marks, 156 F.4th at 1178 (affirming district court competency ruling where district court "reviewed" testimony and evidence following competency proceeding before magistrate judge).

(SEALED)]. As noted in the R&R, Mr. Grogan continues to cling to the delusion that he was the target of attacks from directed energy weapons for approximately ten years prior to his arrest and that the attacks were carried out by deputies of the Banks County Sheriff's Department. [Hr'g Tr., at 12-13]. According to Mr. Grogan, these attacks caused him to hear voices and suffer from physical symptoms consistent with individuals experiencing "psychosis, paranoia, low moral[e]," and generally making him believe he is mentally ill.  [Hr'g Tr., at 14]. Mr. Grogan testified that he hoped to be deemed competent and proceed to trial so that he could defend his federal charges by presenting evidence that he was subject to the directed energy attacks.

Like Mr. Grogan's counsel, Judge Howard had the benefit of observing Mr. Grogan during the hearing. And, in Judge Howard's view, Mr. Grogan's sworn testimony further corroborated Dr. Marks's report and opinions.  [R&R, at 8-9]. More specifically, Judge Howard explained that Dr. Marks's evaluation explained Mr. Grogan's "persistent delusions" and how those delusions prevent Mr. Grogan from being able to assist properly in his defense. Judge Howard agreed with Dr. Marks's opinion that Mr. Grogan has delusional beliefs regarding the events surrounding the alleged charges as well as his legal strategy, i.e., that Mr. Grogan

11

seeks to present evidence at trial of alleged ongoing "direct energy attacks" by law enforcement.

In short, Judge Howard's deference to a licensed and experienced forensic psychologist – particularly one with the benefit of evaluating Mr. Grogan on three different occasions -- does not mean that she did not consider Mr. Grogan's testimony or improperly weigh the evidence. See, e.g., Marks, 156 F.4th at 1178 (overruling defense objection to magistrate judge's evaluation of evidence); and see Robinson, 2025 WL 4643251, at *8 (citation omitted) ("While it may consider expert testimony in determining competency, the Court is free to assign whatever weight it determines is due to such testimony."). This Court likewise credits the evidence and expert opinions of record to affirm Judge Howard's recommendation.

For the foregoing reasons, the Court overrules Mr. Grogan's objection to Judge Howard's R&R.

**CONCLUSION**

Accordingly, it is hereby **ORDERED** that Judge Howard's R&R [Dkt. 92] is accepted with approval and **ADOPTED** for all purposes, and thus finds the Defendant is incompetent to stand trial and not restorable to competency within the foreseeable future. The Defendant is committed to the custody of the Attorney General for hospitalization at FMC Butner or another Federal Medical Center so

12

that the Director of the facility can determine whether a formal certification should issue under 18 U.S.C. § 4246.

The Clerk is **DIRECTED** to send a copy of the instant Order to the Warden at FMC Butner:

> **N. Watkins-Ward, Acting Warden**
> **FEDERAL MEDICAL CENTER**
> **Mental Health Department**
> **P.O. BOX 1600**
> **BUTNER, NC   27509**

The Government is **DIRECTED** to forward a copy of the instant Order to the Clerk, United States District Court, Eastern District of North Carolina, and the U.S. Attorney's Office, Eastern District of North Carolina, Civil Division.

The Clerk of Court is **DIRECTED** to administratively close this case, subject to a motion to reopen upon restoration of competency.

**SO ORDERED** this 29th day of May, 2026.

_____
**RICHARD W. STORY**
United States District Judge

13